**FILED**
**Oct 20, 2025**
**03:22 PM(CT)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **SAEEDA JOHNSON,** | ) | **Docket No. 2023-03-0894** |
| **Employee,** | ) | |
| **v.** | ) | |
| **AIMBRIDGE HOSPITATLITY,** | ) | |
| **Employer,** | ) | **State File No. 33112-2023** |
| **and** | ) | |
| **STARR INDEMNITY and** | ) | |
| **LIABILITY COMPANY,** | ) | |
| **Carrier.** | ) | **Judge Brian K. Addington** |

---

## COMPENSATION ORDER

---

The Court held a compensation hearing on October 3, 2025, at Saeeda Johnson's request. For the reasons below, the Court holds she is entitled to lifetime medical benefits for her injury, but she did not prove entitlement to permanent disability benefits.

### History of Claim

Ms. Johnson worked for Aimbridge Hospitality as a banquet server. On April 24, 2023, her supervisor asked her to move chairs and set them up for a banquet. She attempted to move them by herself because Aimbridge was understaffed. The cart holding the chairs had a flat tire, and when she moved it across a threshold, the cart caught, and the chairs fell on her.

Ms. Johnson reported the injury and sought medical treatment on her own. Later, Ambridge authorized treatment at a local emergency department. There, diagnostic tests showed no fractures, but she was diagnosed with right-wrist and elbow contusions, and neck pain. She was released to return to work two days later.

Four days after her injury, Ms. Johnson was involved in a motor vehicle accident where she was rear-ended. At the emergency room for that incident, she complained of low back, right hand, right knee, and neck pain. The diagnostic tests were normal, although she did receive diagnoses of lumbar strain and hand contusion. After this treatment, she

1

saw her own provider, a nurse practitioner, who took her off work from May 2 through May 9.

On May 10, she received authorized treatment for her work injury from Dr. Blake. She was assigned light-duty restrictions, which the Court found previously entitled her to temporary partial disability benefits from May 10 through May 24. During this time Ms. Johnson and the employer disagreed about a leave of absence, and she was also dissatisfied that Aimbridge was not more empathetic about her injury. For those reasons, she chose to resign her job on May 31.

After Dr. Blake retired, Ms. Johnson chose Dr. Joshua Moss from a panel. He ordered diagnostic tests and gave her a cortisone injection. He also placed a lifting restriction of no more than five pounds for six weeks. At return appointments, Ms. Johnson refused additional injections and surgery. Dr. Moss also ordered a functional capacity evaluation, which Ms. Johnson appeared for, but when she learned the extent of the testing, she refused to participate. The evaluation was never completed.

Dr. Moss released Ms. Johnson with no restrictions and no impairment on December 17, 2024.

Ms. Johnson has sought medical treatment on her own and has worked as a food server after her injury. However, she quit because her arm hurt. She sought treatment for her arm most recently on September 24, 2025, but diagnostic tests were normal, and the records do not reflect that her condition was primarily related to her work incident.

At the hearing, Ms. Johnson argued that she was entitled to permanent disability benefits and medical benefits. She contended that she was tired of the process and did not want to see another authorized physician. Instead, she wanted payment for medical treatment she might obtain on her own.

Ambridge argued that Ms. Johnson is entitled to medical benefits only because she presented no evidence of permanent disability. It also contended that Ms. Johnson was not compliant with previous treatment.

### Findings of Fact and Conclusions of Law

Ms. Johnson must prove every element of her claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2024).

Although Aimbridge admitted Ms. Johnson sustained a compensable injury, she must offer an impairment rating to receive permanent disability benefits. *Baumgardner v. UPS,* 2017 TN Wrk. Comp. App. Bd. LEXIS 63, at *11 (Oct. 18, 2017).

Ms. Johnson did not offer an impairment rating, so the Court has no proof on which to base permanent partial disability benefits. Therefore, the Court holds that Ms. Johnson is entitled to continued reasonable and necessary medical treatment for her arm injury from

Dr. Moss. *Id.* § 50-6-204(b)(1); *Barron v. State Dep't of Human Servs.,* 184 S.W.3d 219, 223 (Tenn. 2006). Further, any alleged noncompliance does not affect her right to future treatment. *LeMaire v. Lowe's Home Ctrs., LLC,* No. M2025-00128-SC-R3-WC, 2025 Tenn. LEXIS 436, at *14-15 (Tenn. Workers' Comp. Panel Oct. 15, 2025)

IT IS ORDERED AS FOLLOWS:

1. Aimbridge shall provide authorized medical treatment for Ms. Johnson's injury under Tennessee Code Annotated Section 50-6-204.

2. Ms. Johnson's request for permanent disability benefits is denied.

3. Aimbridge shall pay the $150.00 filing fee to the Court Clerk within five days of entry of this order and file an SD-2 within ten days of this order becoming final.

4. Unless appealed, this order shall become final 30 days after entry.

**ENTERED October 20, 2025.**

**Brian K. Addington**

**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

**Appendix**

Exhibits:

1. Affidavit of Saeeda Johnson
2. Wage Statement
3. Employee's choice of physician-medical panel
4. Dr. Joshua Moss medical records and
5. (Collective) Diagnostic reports
6. Work status notes
7. Fort Sanders Regional Medical Center medical records

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on October 20, 2025.

| Name | First Class Mail | Email | Service sent to: |
|------|------------------|-------|------------------|
| Saeeda Johnson, Employee | X | X | saeedajohnson@gmail.com<br>310 Gilbert Ln.<br>Apt. 2<br>Knoxville, TN 37920 |
| Phillip Baker, Employer's Attorney | | X | pbaker@fbslawfirm.com<br>kbowman@fbslawfirm.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*